IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JESSICA MARIE ANDERSON, a/k/a JESSICA MARIE ROBERTSON,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC SMITH,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00751-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

    This action concerns a domestic relations dispute between Plaintiff Jessica Marie Anderson and Defendant Eric Smith.[1] Smith, appearing pro se, filed a Notice of Removal in this court on September 2, 2025.[2] Because the court finds it lacks subject matter jurisdiction, it must remand the case to state court.[3]

---

[1] *See* Dkt. 8, *Notice of Removal*. The court takes judicial notice of Case No. 254300399, Third Judicial District Court, Tooele County, State of Utah. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)) (permitting federal court to take judicial notice of state court case).

[2] *Notice of Removal*. In the Notice of Removal, Smith styles himself as the plaintiff in this action. *Id.* at 1. But only defendants may remove civil actions to federal court. *See* 28 U.S.C. §§ 1441(a), 1446(a). Federal law, not state law, controls the question of which party is a defendant for the purpose of removal. *Chi., R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954). A defendant is "someone who defends in a lawsuit" or "a person sued in a civil proceeding." *Defendant*, BLACK'S LAW DICTIONARY (12th ed. 2024). Here, Anderson brought the Tooele County case against Smith. *See* Case No. 254300399. Thus, the court finds Smith is the "defendant" in that action for the purpose of removal.

[3] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

1

As the party invoking the court's jurisdiction, Smith has the burden to establish jurisdiction is proper.[4] The court liberally construes the Notice of Removal and accepts as true the well-pleaded facts contained within it.[5]

According to the Notice of Removal, Smith and Anderson have at least one child together.[6] The parties previously executed a joint custody agreement, which appears to relate to an ongoing child custody action in Davis County, Utah.[7] While the Davis County case was pending, Anderson initiated another case in Tooele County, Utah, in which she sought and was granted a temporary protective order.[8] The protective order temporarily granted Anderson sole custody and required Smith to provide child support.[9] Smith now seeks to remove the Tooele County action to federal court.[10]

Smith argues this court has original jurisdiction because the state proceedings have violated his constitutional rights.[11] The court disagrees. As an initial matter, "federal courts lack jurisdiction over domestic-relations cases."[12] The court is required by statute to remand such a case to state court.[13] Whether Smith has any federal constitutional defenses or counterclaims

---

[4] *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (applying Federal Rule of Civil Procedure 8's pleading standard to removal notices).

[6] Dkt. 8-6, *Request for Protective Order* at 3–4.

[7] Dkt. 8-2, *Memorandum of Law in Support of Removal* at 2.

[8] *Id.* at 2–3; *see also* Dkt. 8-5, *Temporary Protective Order*.

[9] *Memorandum of Law in Support of Removal* at 2.

[10] *See Notice of Removal*.

[11] Dkt. 8-3, *Supplemental Brief and Memorandum in Support of Removal to Federal District Court* at 6–9; Dkt. 8-4, *Second Supplemental Brief in Support of Removal to Federal Court for Constitutional Violations* at 2–4.

[12] *Alfaro v. County of Arapahoe*, 766 F. App'x 657, 659 (10th Cir. 2019) (first citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); and then citing *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005)).

[13] *Hunt*, 427 F.3d at 727.

does not alter this analysis.[14] To the extent Smith argues the state court's orders were unconstitutional, "federal courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."[15]

Accordingly, the court directs the Clerk of Court to REMAND this case to the Third Judicial District Court, Tooele County, State of Utah and close the case. The court further DENIES as moot Smith's Motion to Proceed In Forma Pauperis.[16]

SO ORDERED this 10th day of November 2025.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[14] *Id.* Smith's brief invocation of 28 U.S.C. § 1443, which allows removal to address certain violations of the "right to racial equality," is insufficient to establish jurisdiction. *Id.* As in *Hunt*, "nothing in [Smith's] notice of removal suggests that § 1443 applies here." *Id.*

[15] *Alfaro*, 766 F. App'x at 660–61 (citation modified) (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986)).

[16] Dkt. 2.